UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    (For Online Publication Only)
-------------------------------------------------------------------X

UNITED STATES OF AMERICA,

**MEMORANDUM & ORDER**
20-cr-320 (JMA)

-against-

GEORGE SCHMIDT,

FILED
CLERK
2:26 pm, May 10, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

                                              Defendant.
-------------------------------------------------------------------X

**AZRACK, United States District Judge:**

Defendant George Schmidt moves, through counsel and pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, for a one-month reduction of his sentence to a term of imprisonment of 41 months. (ECF Nos. 57, 60.)  The Government opposes the motion.  (ECF No. 63.)  Mr. Schmidt timely replied.  (ECF No. 66.)  For the below reasons, the motion is granted.

## I.      DISCUSSION

Section 3582(c)(2) of Title 18 authorizes the Court, on motion or on its own motion, to reduce the term of imprisonment of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) ... after considering the factors set forth in section 3553(a) [of Title 18] to the extent they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2); see United States v. Zapatero, 961 F.3d 123, 127 (2d Cir. 2020).  Section 1B1.10 of the U.S. Sentencing Guidelines is the applicable policy statement.  See U.S.S.G. § 1B1.10.  "The statute ... establishes a two-step inquiry.  A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)."  Dillon v. United States, 560 U.S. 817, 826 (2010).  A court

generally may not reduce the defendant's term of imprisonment to a term less than the minimum of the amended Guideline range.  See id. at 827; see also United States v. Vela, 2024 WL 1621109, at *1 (S.D.N.Y. Apr. 15, 2024).

All agree that Mr. Schmidt is eligible for a modification of sentence.  (See ECF No. 60, at 3 ("Schmidt Mot."); see also ECF No. 63, at 5 ("Gov't Opp."); ECF No. 68, at 3 ("Supl. PSR").) The Court sentenced Mr. Schmidt on January 12, 2023, to a term of imprisonment of 42 months, below the applicable Sentencing Guidelines range of 51–63 months.  (Ex. 1 at 32, ECF No. 60-1.) That range was based, in part, on the calculation that Mr. Schmidt's had zero criminal history points, resulting in a criminal history category of I.  (See id. at 15, 31.)  As a result, Mr. Schmidt's offense level is reduced by two levels from 24 to 22 under the Guidelines as amended.  At offense level 22 and with a criminal history category of I, the amended Guidelines range is now 41 to 51 months' imprisonment.[1]  (See Supl. PSR at 3; see also Gov't Opp. at 5.)

Counsel for Mr. Schmidt argues the Court should reduce Mr. Schmidt's sentence to 41 months, which is the lowest end of the revised applicable Guidelines range of 41–51 months' imprisonment.  (See Schmidt Mot. at 4.)  In response, the Government argues the Court should decline to reduce Mr. Schmidt's sentence by one-month because: (1) the amended guideline range does not "materially affect the sentence given to the defendant" in that the 42 months imposed by the Court is at the bottom of the amended guideline range, Gov't Opp. at 5; and because (2) the Court "effectively already took into account the defendant's 'zero-point offender' status" during its original sentencing, id.

---

[1]     Mr. Schmidt's pro se motion contains an incorrect offense level and concomitant Guideline range.  (See ECF No. 57.)

There are two problems with the Government's argument.  First, there is no statute, guideline, or controlling case law that imposes such a "materiality" requirement.[2]  (ECF No. 66, at 1 ("Schmidt Rep."))  Second, the Second Circuit has never defined the degree of consideration or weight a district court is to give the applicable Guideline range, or any factor.  See United States v. Fernandez, 443 F.3d 19, 29 (2d Cir. 2006) ("Consideration of the § 3553(a) factors is not a cut-and-dried process of factfinding and calculation; instead, a district judge must contemplate the interplay among the many facts in the record and the statutory guideposts.").

Upon reconsideration of the Section 3553(a) factors that I carefully considered in my original sentence, I reduce Mr. Schmidt's sentence by one month and find that a sentence of 41 months' of imprisonment is sufficient, but not greater than necessary, to comply with the purposes of sentencing.  See 18 U.S.C. § 3553(a).  In addition to the Section 3553(a) factors, the Court also considers Mr. Schmidt's "post-sentencing conduct," none of which is a cause for this Court's concern.[3]  U.S.S.G. § 1B1.10, Application Note 1(B)(iii).  Accordingly, the Court resentences Mr. Schmidt to 41 months' imprisonment, the bottom of the newly applicable Guidelines range.

---

[2]     The Government's first argument bears separate remark.  One month spent away from family, friends, and society is "material[]" to an imprisoned person.  (Gov't Opp. at 5.)  And it is clearly "material[]" enough to warrant the Government's opposition in this case.  (Id.)

[3]     Mr. Schmidt himself relays this information in his pro se motion for reduction of sentence:

> Since his incarceration Mr. Schmidt has taken his transformation seriously. He has maintained close contacts with his family, attends religious services weekly, takes a plethora of courses and programs to include the intensive Non-Residential Drug Abuse Program and maintains gainful prison employment. He has an immaculate prison conduct record.

(ECF No. 57, at 2.)  Indeed, Mr. Schmidt has faced up to his criminal conduct and is engaging in rehabilitation.

## II.    CONCLUSION

For the above reasons, Mr. Schmidt's motion is GRANTED.   The Clerk of Court is respectfully directed to close ECF Nos. 57 and 60.

**SO ORDERED.**

Dated:   May 10, 2024
            Central Islip, New York

_____/s/ JMA_____
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

4